UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | **SEALED** |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. EP-20-CR-00065-PRM |
| TRAVIS WAYNE VAVRA, | § § § | |
| Defendant. | § § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SEVERE COUNTS**

The Court should deny the Defendant's request to sever the two counts in the superseding indictment against the Defendant Travis Wayne Vavra because: (1) the Fifth Circuit broadly construes Rule 8 in favor of joinder; (2) a limiting instruction to the jury would cure any prejudice to the defendant—thus, severance is improper under Rule 14(a); judicial economy weighs against severance—especially in light of the necessity of the same minor victim's testimony for both counts.

I.     BACKGROUND

The investigation into and arrest of the Defendant stemmed from an outcry from a fourteen-year-old minor victim who told his mother that the Defendant, a close family friend, had continuously sexually assaulted him over the course of four years. Ex. 1. The Defendant, a long-haul truck driver, began taking R.S. on several interstate trips with him in his tractor-trailer truck beginning in the summer of 2015 when R.S. was nine years old. Exs. 1-3. During an interview with an Federal Bureau of Investigation (FBI) forensic interviewer, R.S. stated that on or about September 2015, the Defendant began sexually assaulting him during each and every one of these interstate trips. Ex. 2. R.S. also stated that the Defendant showed him videos that

1

appeared to be child pornography during his interstate trips with the Defendant in his truck. *Id.* R.S. stated that the last interstate trip he took with the Defendant was in the middle of June 2019; the Defendant also sexually assaulted him during that trip, just as he had done every time that R.S. traveled with the Defendant previously. Ex. 4.

FBI special agents located and arrested the Defendant in El Paso, Texas on December 6, 2019. During the search of the La Quinta Inn, the motel in El Paso where the Defendant was staying at the time of his arrest, agents recovered a black Samsung cellphone among some of the Defendant's other personal effects. The Defendant was then charged in a one-count indictment with violating 18 U.S.C. § 2423 (hereinafter "transportation count"). (ECF No. 19) The investigation into the Defendant continued post-indictment, and eventually child sexual exploitation material was discovered on the Defendant's Black Samsung cellphone found in his motel room at the time of the arrest—forming the basis for the second count in the superseding indictment charging the Defendant with violating 18 U.S.C. 2252(a)(4)(B) (hereinafter "child pornography count"). (ECF No. 41). Specifically, agents found several photographs of nude prepubescent boys exposing their genitals in a lewd and lascivious manner.

Additionally, during the course of the continued investigation into the Defendant, agents discovered that he had also sexually assaulted A.B.M. and N.J.M., his two step-grandsons, when they were minors. Exs. 5-6. A.B.M. told agents that he had previously found images of minor boys resembling child erotica on the Defendant's cellphone. Ex. 5.

## II. ARGUMENT

### A. Joinder of the Child Pornography Count to the Transportation Count was proper under the Fifth Circuit's broad construction of Rule 8(a).

The Government properly joined the transportation charge and the child pornography charge against the Defendant in the same superseding indictment under Rule 8(a). Under Rule

8(a), two or more offenses may be charged in the same indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder of charges is the rule rather than the exception, and Rule 8 is broadly construed in favor of joinder." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001); *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005). "Whether initial joinder of charges was improper under Rule 8 . . . is judged according to the allegations in the . . . indictment." *Butler*, 429 F.3d at 146.

While the Fifth Circuit has not analyzed "same or similar character" language in Rule 8(a), it has ruled that two charges were similar enough to warrant joinder under this provision of Rule 8(a) because they both fell under the broad category of "weapons violation(s)." *United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) ("We also note, on our own initiative, that rule 8(a) allows joinder of offenses that are 'of the same or similar character.' Count III, transportation of an undeclared firearm on a commercial airliner, is a weapons violation. Count II, possession of an unregistered firearm, is also a weapons violation."). Similarly, here, both offense charged in the indictment fall under the same category of sex offenses against children and were properly joined together.

The circuits that have analyzed the "same or similar character" language in Rule 8(a) have come up with different analyses for determining whether offenses meet the requirement. The Second, Seventh, and Eleventh Circuits take a broad approach for determining whether offenses are similar and look generally to the *type* of offense in making that determination. *See United States v. Rivera*, 546 F.3d 245, 253–54 (2d Cir. 2008); *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994); *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002). Under this approach, "'[s]imilar' charges include those that are 'somewhat alike,' or those 'having a general likeness'

3

to each other." *Rivera*, 546 F.3d at 253. Therefore, "if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." *Coleman*, 22 F.3d at 133. Moreover, under this approach, "[t]he offenses need not be of identical statutory origin in order to be similar, but their correspondence in type is obviously central to their proper joinder." *Id.* at n.10.

By contrast, the First and Ninth Circuits look to different factors besides just the category of offense in making that determination and take a stricter approach on which offenses are similar enough to warrant joinder under Rule 8(a). *See United States v. Edgar*, 82 F.3d 499, 503 (1st 1996); *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). Under this approach, courts specifically consider "factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims" when deciding whether the offenses are of the "same or similar character." *Jawara*, 474 F.3d at 578.

The Eighth Circuit seems to take a hybrid approach. While it looks to the temporal proximity between the offenses and the evidence that would prove each offense, it also acknowledges that the offenses need only be "nearly corresponding, "somewhat alike," and have a "general likeness" to be properly joined under Rule 8(a). *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986). It has held that "[i]n view of the proscription against requiring a precise identity between the character of offenses, possession of two different types of firearms is 'nearly corresponding' in nature." *Id.* at 117-118.

The Court should employ the approach of the Second, Seventh, and Eleventh Circuits and look only to the type of offenses to determine whether they are similar because the plain language of Rule 8(a) supports this approach. "This language in Rule 8(a) is a rather clear

4

directive to compare the offenses charged for categorical, not evidentiary, similarities." *Coleman*, 22 F.3d at 133. Significantly, consideration of the temporal proximity between the two offenses and the evidence that would support each is "not necessary to an understanding of what 'offenses … of same or similar character' means." *Id.* Consideration of these factors makes more sense under the other two bases for joinder under Rule 8(a). *See id.* ("Interestingly, the eighth circuit's formulation in which time separation and evidentiary overlap between offenses are prominent may have originated as a guide not to joinder of offenses of 'same or similar character' but to joinder of offenses that form a common plan or scheme."). Therefore, the Court should employ the Second, Seventh, and Eleventh Circuit approach, and it will find that the offense of possession of child pornography is similar in category to the offense of transporting a minor with the intent to engage in criminal sexual activity.

      Even if the Court adopts the approach of the First and Ninth Circuits, the transportation and child pornography offenses are also similar under this approach. Several of the factors that these circuits consider in making the Rule 8(a) determination weigh in favor of joinder. First, the elements of the statutory offense are similar. To prove a Mann Act violation under 18 U.S.C. § 2423(a), the Government must show that the Defendant knowingly transported an individual who has *not attained the age of 18 years* with the intent that the individual engage in any *sexual activity* for which any person can be charged with a criminal offense. Similarly, under 18 U.S.C. § 2252(a)(4)(B), the Government must prove that the defendant knowingly possessed a visual depiction of a *minor engaging in sexually explicit conduct*. Consequently, both offenses require proof of a similar element: minors engaging in sexually explicit conduct. The Defendant argues that there is no overlap in these offense elements because the possession offense is a passive offense while the transportation offense involves knowing transportation. Mot. 5. Yet both

5

offenses require that the Defendant have knowledge of or criminal intent that a minor engaging in illicit sexual activity. Rule 8(a) does not require that the elements be identical, only similar.

Second, the acts alleged in both counts were also relatively close in time, occurring only six months apart. *See Lindsey*, 782 F.2d at 117 ("The seventeen-month time period between the offenses at issue here does not violate the 'relatively short period of time' factor . . . .").

Finally, there is also a high likelihood of evidentiary overlap for both counts. *See* Section II.C. infra. Notably, the Fifth Circuit has held that "in a case involving possession and receipt of child pornography, evidence of child molestation is admissible because it tends to show a defendant's sexual interest in children." *United States v. Lewis*, 796 F.3d 543, 547 (5th Cir. 2015). Therefore, under Fifth Circuit case law, evidence of the first count alleging the transportation of a child for purposes of engaging in criminal sexual activity would be admissible to prove count two, possession of child pornography as well.

Moreover, the Eleventh Circuit—the only circuit to analyze whether these two specific offenses are of a similar character for Rule 8(a) purposes—has determined that they are similar, and its reasoning is persuasive. *See United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002). Namely, the Eleventh Circuit concluded that the two counts reflected the defendant's "repeated participation in the sexual exploitation of minors." *Id.* The court in *Hersh* explained that "[c]ollectively the counts charge[d] [the defendant] with child molestation and child pornography—which plainly represent[ed] acts of 'similar character' involving the extraordinary mistreatment of children." *Id.* The exact same is true in the instant case. Both counts reflect the Defendant's sexual exploitation of minors.

The Defendant attacks *Hersh*, by questioning the research behind the "link" between child pornography and other types of sex offenses against children. Mot. 6-7. Yet this criticism is

inapposite. Rule 8(a) does not require that the empirical data demonstrate that the two offenses have a causal link or connection. All that the plain language of Rule 8(a) requires is that the two offenses be "similar." The offense of transporting a minor for purposes of engaging in criminal sexual activity with the minor is similar enough in character to the offense of possessing a visual depiction of a minor engaging in sexually explicit conduct to warrant joinder under Rule 8(a)'s first prong.

> **B. Severance of the transportation and child pornography counts is not warranted under Rule 14(a) because any alleged prejudice can be cured with a limiting instruction.**

Under Rule 14(a), the Court may order separate trials of different counts in the indictment, "[i]f the joinder of offenses . . . appears to prejudice a defendant." "Whenever a defendant is tried on a multi-count indictment there is the possibility that the jury will infer guilt on all counts form guilt on one of the individual counts, but this danger has not led us to abandon the practice of using multi-count indictments in proper circumstances." *United States v. Huff*, 512 F.2d 66, 70 (5th Cir. 1975). Time and again, the Fifth Circuit has held that "[p]rejudice from a failure to sever counts can be cured by proper jury instructions, and juries are generally presumed to follow their instructions." *United States v. Hickerson*, 489 F.3d 742, 746 (5th Cir. 2007); *see also United States v. Turner*, 674 F.3d 420, 429-30 (5th Cir. 2012) ("[T]he district court gave a limiting instruction identical to one that this court has previously approved as curing the sort of prejudice that could occur in a case like this one—that is, the possibility that a jury might consider evidence pertaining to one count as evidence of another."); *United States v. Reed*, 908 F.3d 102, 117 (5th Cir. 2018) ("[The defendant] has not adequately explained why, especially in light of the district court's limiting instruction to the jury to consider each count and

the corresponding evidence on each count separately, he suffered 'clear, specific, and compelling' prejudice resulting in an unfair trial.").

In this case, the Court can similarly provide the jury with Fifth Circuit Pattern Jury Instruction 1.23, which would cure any prejudice from not severing the two counts. That instruction provides that "[a] separate crime is charged in each count of the indictment," and instructs the jury that "[e]ach count, and the evidence pertaining to it, should be considered separately." The Fifth Circuit has approved of this exact same instruction in finding that a district court did not abuse its discretion by denying the defendant's motion to sever: "Here, the instruction given to the jury plainly forbade it from considering evidence pertaining to one count as to the other." *Hickerson*, 489 F.3d at 746. The Defendant's concern about "spill over" of evidence for one count into the jury's consideration of guilt on the other count is not sufficient to sever the counts. *See United States v. Reed*, 908 F.3d 102, 116 (5th Cir. 2018) ("[T]he mere presence of a spillover effect does not ordinarily warrant severance."). Consequently, the Defendant's argument regarding the inadmissibility of certain evidence pertaining to the child pornography count to prove the transportation count is inapposite because the Court can properly instruct the jury against considering such inadmissible evidence as to that count. Besides, as noted above, the Defendant is incorrect in his assertion that evidence of the transportation count would be inadmissible on the child pornography count. *See Lewis*, 796 F.3d at 547.

Defendant also inappropriately invokes Fifth Circuit case law dealing with felon-in-possession-of-a-firearm charges, which are unique, to argue that the Defendant would be unduly prejudiced by the joinder and that a limiting instruction would not cure such a prejudice. Mot. 7. Namely, the Defendant cites *United States v. McCarter*, to support his assertion that the Court should consider "the efficacy of the limiting measures … the strength of the evidence of the

defendant's guilt[, and] . . . the translucency of the government's ill motive for adding' the other counts." Mot. 7 (citing 316 F.3d 536, 538 (5th Cir. 2002)). But *McCarter's* test for the proprietary of joinder is specific to the joinder of a felon-in-possession-of-a-firearm charge and is thus inapplicable here. As the Fifth Circuit clarified in *United States v. Turner*, "[f]elon-in-possession-of-a-firearm charges present special prejudice concerns that are not reflected in the usual presumption in favor of joinder." 674 F.3d 420, 430 (5th Cir. 2012). This concern is not present in this case, and the Court can presume that a limiting instruction would cure any prejudice.

Defendant also argues that he will be prejudiced if the Court fails to sever the counts because he is prepared to go to trial on the transportation count but would need additional time to prepare for the child pornography count. Mot. 8. This argument is unpersuasive for two reasons. First, the Court could continue the trial date as to both counts so that the Defendant has adequate time to prepare for trial. The Government would not oppose this continuance, and the Defendant has failed to show how a continuance on the trial for the transportation count would prejudice him in any way. Part of the Defendant's reasoning for requesting a trial date as soon as possible on the initial transportation charge was that he was incarcerated and maintained his innocence. Now that there is a pending superseding indictment with an additional child pornography charge, the Defendant would remain in custody awaiting trial on the child pornography charge even after adjudication of the transportation charge. Second, even if the Court denies the Defendant's request for a continuance, the Defendant would still have the 30-day period to which he is statutorily entitled to prepare for trial on both the transportation and the child pornography counts.

### C. Judicial economy weighs against severance of the transportation and child pornography counts.

"In any given case the court must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in judicial administration." *Flores v. United States*, 379 F.2d 905, 909 (5th Cir. 1967). "Separate counts that involve much of the same evidence would, if tried separately, engender duplicative efforts at trial." *Coleman*, 22 F.3d at 132. In this case, the Court should conduct a single trial on both counts in the superseding indictment to avoid the unnecessarily burdensome and duplicative expenditure of judicial resources if the counts are tried separately. Namely, the Government would present a lot of the same evidence and testimony during both trials.

The Government would seek to admit evidence of the child pornography found on the Defendant's phone during the trial on the transportation count. As the Defendant himself notes, he admitted to taking R.S., the victim identified in the transportation count of the indictment, on interstate trips but denied ever engaging in sexual activity with him. Mot. 2. To prove the Defendant guilty of § 2423, the Government must show that "sex [was] one of the purposes of travel." *United States v. Bennett*, 258 F. App'x 671, 679 (5th Cir. 2007). The Government would seek to admit testimony from R.S. that the Defendant showed him child pornography to demonstrate the Defendant's grooming process and to prove that the Defendant did in fact intend to engage in illicit sexual activity with R.S. *See United States v. Hitt*, 473 F.3d 146, 152–53 (5th Cir. 2006) (evidence of the defendant's "'grooming process' designed to reduce resistance to sexual advances" was presented during § 2423 trial). The child pornography found on the Defendant's phone at the time of arrest would corroborate R.S.'s testimony that the Defendant showed him child pornography.

Despite the Defendant's argument to the contrary, such evidence would be admissible because it is inextricably intertwined with the transportation charge and is thus intrinsic to that crime. *See United States v. Gurrola*, 898 F.3d 524, 536 (5th Cir. 2018) ("Evidence of crimes, wrongs, and other bad acts is generally admissible if 'intrinsic' to the crimes charged."). Namely, the child pornography was found on the Defendant's phone when he was arrested for the transportation offense, and R.S. claims that the Defendant showed him child pornography when committing the transportation offense. Therefore, this child pornography evidence would be necessary to complete the story of the crime at the time of trial. *See id.* Alternatively, even if the Court finds that the evidence of child pornography on the Defendant's phone is extrinsic to the transportation crime, such evidence is admissible under Rule 404(b) to show the Defendant's motive and intent in transporting Robert across state lines (i.e. to engage in criminal sexual activity with him).

Similarly, the Government would seek to introduce R.S.'s, A.B.M., and N.A.M.'s testimony regarding the Defendant's sexual abuse to prove the child pornography count because this testimony demonstrates that the Defendant had a sexual interest in minor boys. *See Lewis*, 796 F.3d at 547. Moreover, to prove the Defendant guilty of possession of child pornography, the Government must demonstrate that the Defendant *knowingly* possessed a matter containing a visual depiction of a minor engaging in sexually explicit conduct. Fifth Cir. Patt. J. Ins. 2.85B. Here, the Defendant denies knowledge of the child pornography found on his phone at the time of his arrest. Mot. 8-9. The Government would seek to introduce R.S.'s testimony that he personally observed the child pornography of the Defendant's phone to show that the Defendant did have knowledge. This evidence would also be admissible under Rule 404(b).

Therefore, if the Court were to sever the counts, the Government would call minor victim R.S., as well as A.B.M., as witnesses during both trials. This would result in undue hardship on the victims, who would be required to testify about and relive their sexual abuse on two separate occasions. It would also result in the Government presenting the same evidence to two different juries regarding the same conduct. This would be an unnecessary expenditure of judicial resources. Any potential prejudice to the Defendant in trying these two counts together is heavily outweighed by "considerations of economy and expedition in judicial administration." *Flores*, 379 F.2d at 909.

### III.   CONCLUSION

Therefore, joinder of the two counts in the superseding indictment against the Defendant was proper under Rule 8(a), and severing the counts is not warranted under Rule 14(a). The Court should hold a single trial on both counts, especially in light of the minor victim's testimony, which the Government intends to introduce to prove both counts.

                Respectfully submitted,

                JOHN F. BASH
                UNITED STATES ATTORNEY

BY:     /s/
        SARAH VALENZUELA
        Assistant U.S. Attorney
        Texas Bar #24089261
        700 E. San Antonio, Suite 200
        El Paso, Texas  79901
        (915) 534-6884

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2020, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorney of record for Defendant.

                                                  _____/s/_____
                                                  SARAH VALENZUELA
                                                  Assistant U.S. Attorney