IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | EP-20-CR-65-PRM |
| TRAVIS WAYNE VAVRA,    Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS

On this day, the Court considered Defendant Travis Wayne Vavra's [hereinafter "Defendant"] "Motion to Sever Counts" (ECF No. 49) [hereinafter "Motion"], filed on February 27, 2020; the Government's "Response to Defendant's Motion to Sever Counts" (ECF No. 54) [hereinafter "Response"], filed on March 2, 2020; and Defendant's "Reply to Government's Response to Motion to Sever Counts" (ECF No. 56) [hereinafter "Reply"], filed on March 3, 2020, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons stated herein.

I.    **FACTUAL BACKGROUND**

This case involves allegations arising from a series of cross-country road trips Defendant took with the fourteen-year-old minor R.S. between

the summer of 2015 and the summer of 2019. Resp. 1–2. The nature of their relationship is in dispute: R.S. claims that Defendant forced him to commit various sexual acts during these trips, while Defendant "denie[s] ever engaging in sexual activity with R.S." Mot. 1–2. On December 6, 2019, FBI special agents arrested Defendant in El Paso, Texas. Resp. 2. After his arrest, Defendant consented to a search of his cellphone, wherein investigators discovered child pornography that does not depict R.S. Mot. 2; Resp. 2. While R.S. claims that Defendant had shown him child pornography during the road trips, the parties have not provided evidence to the Court that R.S. had viewed the specific child pornography found on Defendant's cellphone. Reply 3.

On January 2, 2020, a grand jury issued a one-count indictment against Defendant for the crime of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity pursuant to 18 U.S.C. § 2423(a) [hereinafter "transportation count"]. Indictment 1, January 2, 2020, ECF No. 19. On January 7, 2020, Defendant entered a plea of not guilty as to the transportation count. Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty, Jan. 7, 2020, ECF No. 23. Subsequently, at the Court's February 4, 2020, criminal docket call, Defendant requested

a jury trial for the transportation count, which the Court set for March 23, 2020.  Minute Entry for Proceedings, Feb. 4, 2020, ECF No. 4.

As the Court and the parties prepared for Defendant's scheduled jury trial, the Government sought and secured a superseding indictment against Defendant, which included an additional count for the crime of Possession of Child Pornography pursuant to 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2) [hereinafter "possession count"].  Superseding Indictment 2, Feb. 19, 2020, ECF No. 41.  The superseding indictment prompted Defendant's request that the two counts be severed, permitting him to proceed to the scheduled jury trial on the initially charged transportation count.  Mot. 8 ("[Defendant] wants a speedy trial on the original transportation offense.  He asked for a trial setting at the first docket call, and he is ready on that count for March 23.").  Alternatively, were the Court to deny the Motion, Defendant would prefer a continuance "to investigate and prepare his defense to the child pornography offense." *Id.*

## II.  LEGAL STANDARD

The Federal Rules of Criminal Procedure Rule 8 allows a defendant to be charged with multiple offenses in the same indictment if the offenses "are of the same or similar character, or are based on the same act or transaction."  In the Fifth Circuit, courts "broadly construe Rule 8 in favor

of initial joinder." *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005) (citing *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990)).  Additionally, Rule 8 joinder "is the rule rather than the exception." *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001) (citing *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)).  When determining whether Rule 8 joinder is proper, courts consider the allegations made in the indictment.  *Butler*, 429 F.3d at 146 (citing *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988)).  Therefore, the Court must review both counts in Defendant's superseding indictment while mindful of the "policy of permitting initial joinder." *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) (citing *Butler*, 429 F.3d at 146–47).

Were the Court to determine that joinder was proper pursuant to Rule 8, the Court must then consider whether Defendant is entitled to relief from prejudicial joinder pursuant to the Federal Rules of Criminal Procedure Rule 14.  Rule 14 permits a court to sever counts into separate trials when joinder would prejudice a defendant.  Fed. R. Crim. P. 14(a). "The burden of demonstrating prejudice is a difficult one . . . [t]he defendant must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.'" *United States v. Nell*,

4

526 F.2d 1223, 1231 (5th Cir. 1976) (quoting *Tillman v. United States*, 406 F.2d 930, 934–35 (5th Cir. 1969)).  To meet this burden, "a defendant must show 'clear, specific, and compelling prejudice that [would] result[] in an unfair trial.'"  *United States v. Reed*, 908 F.3d 102, 116 (5th Cir. 2018) (quoting *Bullock*, 71 F.3d at 174).

Additionally, the Fifth Circuit recognizes that when a defendant is charged in a multicount indictment, there is a risk that evidence of one count may impact how a jury considers another count.  *Id.* (citing *United States v. Simmons*, 374 F.3d 313, 318 (5th Cir. 2004)).  To alleviate this risk, the 2015 edition of the Fifth Circuit Pattern Jury Instructions provides a limiting instruction that advises a jury to consider "[e]ach count, and the evidence pertaining to it" separately.  5th Cir. Pattern Jury Instrs. 1.21 (2015 ed.).  As the Fifth Circuit has held, such a limiting instruction may cure "[p]rejudice from a failure to sever counts . . . and juries are generally presumed to follow their instructions."  *Id.* at n.1 (quoting *United States v. Hickerson*, 489 F.3d 742, 746 (5th Cir. 2007)).  Accordingly, the Court must determine whether Defendant has made a sufficient showing of prejudice that would result in an unfair trial and could not be cured by a limiting instruction.  *See United States v. Turner*,

674 F.3d 420, 429–30 (5th Cir. 2012) (articulating a similar focus when defining the appellate standard of review for failure to sever counts).

## III. ANALYSIS

The Court first considers whether joinder of the transportation counts and possession counts is proper pursuant to Rule 8. In light of the decisions made in similar cases before other circuit courts, the Court concludes that joinder is proper in Defendant's case. Next, the Court considers whether such joinder presents prejudice that cannot be cured through a limiting instruction, warranting severance pursuant to Rule 14. After due consideration, the Court determines that though Defendant identifies valid concerns of prejudice, these concerns may be mitigated through a limiting instruction and other evidentiary mechanisms within the normal trial process. Accordingly, severance of the counts is unnecessary, and the Court denies Defendant's Motion.

### A. Rule 8 Joinder

Notably, the Government does not argue that these counts are based on the same act or transaction. *See* Mot. 3 ("The bare allegations in the indictment do not demonstrate that the two counts 'are based on the same act or transaction.'"); Resp. 2–7 (declining to respond to Defendant's argument and instead addressing only whether the two offenses are of a

same or similar character).  Accordingly, the Court shall only consider whether the transportation count and the possession count are of a same or similar character.

Both parties present that the Fifth Circuit has not articulated a test for determining whether two counts are of "a same or similar character" pursuant to Rule 8(a).  Mot. 4; Resp. 3.  Additionally, the circuit courts that have had occasion to consider this language are split on the issue.  The First and Ninth Circuits take a "holistic approach" that considers "the specific context of the case and the allegations in the indictment."  *United States v. Jawara*, 474 F.3d 565, 576–78 (9th Cir. 2007) (citing *United States v. Edgar*, 82 F.3d 499, 503 (1st Cir. 1996).  Conversely, the Second and Seventh Circuits take a stricter approach, considering "the offenses charged for categorical, not evidentiary, similarities."  *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994); *see also United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) ("'Similar' charges include those that are 'somewhat alike,' or those 'having a general likeness' to each other.").  Furthermore, at least two Courts have held Rule 8 joinder proper in cases involving charges similar to those in Defendant's case.  *See United States v. Jass*, 331 Fed. Appx. 850, 854 (2d Cir. 2009) (transportation, possession, and enticement of a minor counts); *United*

7

*States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002) (transportation, possession, and receiving child pornography counts).  Therefore, the Court must assess the analogous cases in other circuits to determine the correct outcome in this case, mindful that the Fifth Circuit may review the Court's decision as a matter of first impression.

    Defendant argues that the Court should apply the First and Ninth Circuits' holistic approach and determine that joinder is improper because "the charges are not in the same statute, do not involve the same victims, involve different modes of operation, and the time frames do not overlap." Mot. 4 (citing *Jawara*, 474 F.3d at 569).  The Government counters that this same test indicates joinder is proper because the statutory requirements for each offense require proof of "minors engaging in sexually explicit conduct . . . . Rule 8(a) does not require that the elements be identical, only similar."[1]  Resp. 5–6.  Furthermore, the Government highlights that the alleged offenses were "relatively close in time" and carry "a high likelihood of evidentiary overlap." *Id*. at 6.  Both

---

[1] The Court concurs with Defendant's observation that the Government's position appears to be a misstatement of law.  Reply 2.  Neither offense requires proof of sexually explicit conduct with a minor resulting from Defendant's actions, and the possession offense concerns the depiction of sexually explicit conduct with a minor, not the conduct itself.

8

arguments are persuasive, and the Court is reluctant to favor one over the other using an approach that the Fifth Circuit has not adopted.

In contrast, the Government argues that the Court should apply the Second and Seventh Circuits' stricter approach and determine that joinder is proper because the two offenses are of a similar categorical type. Resp. 5, 7. Defendant challenges the apparent similarities, identifying that "the offenses have distinct elements with no overlap." Mot. 5. On this point, the Court and Defendant are in agreement: Section 2423(a) concerns a defendant's intent that the transported minor would engage in sexually explicit activity while § 2252(a)(4)(B) concerns whether the material in a defendant's possession depicted a minor engaging in sexually explicit activity. Therefore, the Court concludes it is more accurate to consider these offenses as having distinctly separate elements that share a common concern for sexually explicit conduct with a minor. This distinction is more nuanced than in the analogous cases involving firearm offenses the parties present in their filings. *Compare* Resp. 3 (citing *Fortenberry*, 919 F.2d at 926, as precedent that weapons violations may be joined); *with* Reply 1–2 (identifying the obvious similarities when multiple counts involve possessing a firearm, similarities that are not

obvious here). Once again, the Court is disinclined to define the limits of a test that is not the law in the Fifth Circuit.

Instead, the Court is persuaded by the Eleventh Circuit's conclusion that transportation and possession counts are of a same or similar character. *Hersh*, 297 F.3d 1233. In *Hersh*, the defendant engaged in conduct comparable to that alleged in Defendant's superseding indictment. The *Hersh* defendant transported a minor into the United States with the intent to engage in sexually explicit conduct. *Id.* at 1338. Additionally, law enforcement officials discovered child pornography in the defendant's home after he consented to a search. *Id.* In holding that the transportation and possession counts were similar, the Eleventh Circuit noted that the counts "reflect Hersh's repeated participation in the sexual exploitation of minors." *Id.* at 1242.

The same conclusion could be made in this case. Furthermore, a plausible application of both the holistic and strict approaches for analyzing Rule 8 joinder could arrive at this result as well. Accordingly, mindful of the Fifth Circuit's preference for joinder, the Court is of the opinion that joinder of Defendant's transportation and possession counts is proper.

## B. Rule 14 Severance

Next, the Court considers whether joinder of Defendant's transportation and possession counts is so prejudicial as to necessitate a severance of the counts pursuant to Rule 14. Defendant argues that joining the two counts would (1) delay his trial on the transportation count as more time would be needed to prepare for the possession count; (2) lead the jury "to think of [Defendant] as a bad person who harms minors" when considering the transportation count in light of the possession count; and (3) create evidentiary issues whereby evidence that would be inadmissible in respectively separate trials would bleed into the jury deliberations. Mot. 10. The Government contends that it "would present a lot of the same evidence and testimony during both trials." Resp. 10. This evidence could include multiple minor witnesses who would testify that Defendant sexually abused them and showed them child pornography. *Id.* at 11–12. Furthermore, requiring these minor witnesses to testify at two trials "would result in undue hardship" as they would have to twice recount alleged abuse in open court. *Id.* at 12.

The Court is of the opinion that it would be unwise to determine evidentiary matters at this time; such decisions are better left for pretrial motions in limine or timely objections during the course of a trial.

11

Additionally, it appears to the Court that Defendant is primarily concerned with how the jury may consider evidence, not whether any piece of evidence is in itself prejudicial. Generally, his objections regard how the Government may admit, publish, and argue evidence to the jury. Specifically, the nature of the joined counts introduces inherent prejudice as a consequence of these otherwise routine evidentiary decisions.

The Court recognizes Defendant's fears that the cumulative effect of the transportation and possession counts may lead a jury to consider him "a bad person who harms minors." Mot. 10. Simultaneously, the same may be said for a Defendant who faces multiple counts of any other type of offense. Pattern Jury Instruction 1.21 exists for this purpose, to ensure a jury does not convict a Defendant for being "a bad person" because of a multicount indictment. *See also* 5th Cir. Pattern Jury Instrs 1.05 (2015) (instructing the jury that "[t]he indictment or formal charge against a defendant is not evidence of guilt"). The Court does not have the power to consider offenses involving the sexual exploitation of children differently.

Accordingly, the Court concludes that existing procedural safeguards are sufficient to limit prejudice without requiring Rule 14 severance. Defendant shall have future opportunities to argue how evidence should be used at trial in accordance with all rights and

privileges afforded to him by law. Furthermore, the prejudice of any delay in Defendant's trial date on the transportation count is outweighed by the need for minor witnesses to not have to testify in two trials. Therefore, Defendant's transportation and possession counts should not be severed pursuant to Rule 14, and his trial date on the original indictment should be vacated.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Travis Wayne Vavra's "Motion to Sever Counts" (ECF No. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the Jury Selection and Jury Trial set for March 23, 2020, at 9:00 a.m. are **VACATED**.[2]

Finally, **IT IS ORDERED** that the above-captioned cause shall be **SET for Docket Call on June 9, 2020, at 8:00 a.m.**[3]

**SIGNED** this **22nd day** of **April, 2020**.

_____
**PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE**

---

[2] *See* Text Order Denying Defendant's Motion, Mar. 3, 2020 (vacating jury selection and jury trial, and setting case for the Court's April Docket Call).

[3] *See* Order to Continue, Mar. 31, 2020, ECF No. 61 (setting case for the Court's June Docket Call).