**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. EP-20-CR-00065-DCG** |
| | § | |
| **TRAVIS WAYNE VAVRA,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF INTENT TO OFFER
EXPERT TESTIMONY OF DR. ROY LUBIT**

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702 and 703, hereby notifies the Defendant, Travis Wayne Vavra , of its intention to use expert testimony of Dr. Roy Lubit. M.D., Ph.D. at trial in the above-captioned cause. The Government intends to offer Dr. Lubit as an expert in the fields of clinical and forensic psychiatry as they relate to interpersonal violence; sexual assault and child abuse; victim and offender behavior; and victim dynamics.

I.

Dr. Lubit is a psychiatrist in private practice in New York, New York, with extensive experience in the evaluation and treatment of individuals who have been the victim of sexual abuse. He has a long history of working with victims of child sex abuse, as well as providing treatment for violent offenders, including sexual offenders. His qualifications are summarized in a curriculum vitae, which was previously provided to the defense. Based upon his knowledge, skill, training, and experiences in the areas of clinical and forensic psychiatry; interpersonal violence;

sexual assault; victim and offender behavior; victim dynamics; and child abuse, Dr. Lubit may

also provide opinion testimony regarding:

a) Various victim behaviors, particularly those involving victims of sexual assault or sexual abuse, which may include behavior which is counterintuitive to the average juror;

b) Common victim reactions, including: physical, emotional and mental responses to incidents of physical and/or sexual abuse or exploitation; including, but not limited to: shame; fear; hyper-vigilance; guilt; disbelief; and a fear of not being believed and/or stigmatized by members of their family and/or community, as well as juvenile developmental stages and the differences between adult and juvenile in reacting to abuse;

c) Why victims, particularly child victims of abuse, often refuse to disclose their abuse or wait long periods of time before disclosing their abuse; disclose abuse over time and/or piecemeal; and may later attempt to deny or recant previous allegations of sexual and/or physical abuse or exploitation;

d) Common victim characteristics and or reactions during incidents of sexual abuse and exploitation, which may include both active resistance as well as passive compliance;

e) Certain victim/offender dynamics, including why victims may experience conflicting feelings and/or emotions towards their abusers, including ongoing love, affection, dependence and the need for connection with their perpetrator(s), and particularly, the nuances of child sexual abuse where the abuse is perpetuated by a family member;

f) Cognitive development in juveniles and the effect of sexual trauma on memory, including episodic memory;

g) Various offender characteristics, and the methods used by offenders to select specific victims and to "groom" or influence, persuade, coerce, force, threaten or induce victims, and into engaging in sexual acts, and the influence these factors have on victim behavior/response to acts of abuse; similar grooming commonly occurs towards those charged with custody and well-being of the child victims of sexual abuse;

h) The importance of the relationship between the victim and the offender in nature, severity, and type of behavioral responses and reactions exhibited by victims of sexual abuse and the various strategies, methods and tactics employed by abusers, including exploiting positions of trust;

i) The reasons why victims choose to disclose their abuse; including various types of triggering events and/or life changes a victim may encounter which may affect their willingness to disclose abuse;

The Government reserves the right to question the expert regarding other matters that may be raised during cross-examination by the defendant, based upon the testimony elicited from the defendant's experts, if any, or other witnesses, or the evidence introduced by the defendant. To the extent the Court allows the defendant the same right, the government reserves the right to elicit any additional testimony that this expert is qualified to provide should the need arise based on further developments in preparing for and during the trial.

At this time, the Government requests reciprocal discovery pursuant to Rule 16(b)(1)(C)(i).


Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY


By: _____/s/_____
RICHARD D. WATTS
Assistant U.S. Attorney
New Mexico Bar #9059
700 E. San Antonio, Suite 200
El Paso, Texas   79901
(915) 534-6884

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

_____/s/_____
RICHARD D. WATTS
Assistant U.S. Attorney
