UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. EP-20-CR-00065-DCG |
| TRAVIS WAYNE VAVRA, | § § § | |
| Defendant. | § | |

### GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY

The United States of America, by through its undersigned counsel, respectfully requests that the Court exclude the testimony of Nathan Sauceda in the trial against the Defendant Travis Wayne Vavra because the testimony is irrelevant under Federal Rule of Evidence 401.

The Defendant Travis Wayne Vavra's trial began on June 21, 2021. The Government called several witnesses, including Aaron McDaniel before resting its case-in-chief on Wednesday, June 23, 2021. Aaron McDaniel testified that the Defendant molested him. The Court allowed the testimony under Federal Rule of Evidence 414. The Defendant has indicated that he will also be presenting several witnesses, and trial is set to resume on Monday, June 28, 2021.

When the Government rested on June 23, 2021, the Defendant filed his Second Amended Witness List, where the Defendant listed Nathan Sauceda as a witness. ECF No. 144. The FBI interviewed Nathan Sauceda in March of 2020. Ex. 1. During that interview, Sauceda stated that he was Aaron McDaniel's friend and that he would travel on the Defendant's truck with the Defendant and Aaron several times when he and Aaron were in the sixth grade. *Id.* at 2. Sauceda stated that the Defendant told Sauceda that Aaron had accused the Defendant of molesting Aaron

1

but stated that he did not know whether this was true or not. *Id.* at 2. In fact, Sauceda stated that he and Aaron never discussed the Defendant touching or molesting Aaron. *Id.* Although he admitted he did not know whether Aaron's allegation was true, Sauceda stated that he did not believe that it was true and proceeded to provide his opinion regarding why he did not believe Aaron's allegation was true. *Id.*

Sauceda also stated that the Defendant never did anything to make him feel uncomfortable and stated that he traveled with the Defendant alone on his truck on one occasion when he was approximately sixteen years old. *Id.* at 3.

Sauceda also remembered the Defendant gaining custody of R.S. when R.S. was approximately nine years old or younger. *Id.* Sauceda told the FBI that the Defendant spoiled R.S. like he used to spoil Aaron. *Id.* at 3-4. Sauceda further stated that he felt like he had to be friendly with R.S., and Aaron and Sauceda would include R.S. by sometimes playing video games or football with him. *Id.* Sauceda also stated that he would stay at the hotel with the Defendant, Aaron, and Nathan and on one occasion R.S. was there as well. *Id.* at 4.

Sauceda provided that the Defendant would always limit the passengers to two other people on the truck, so if Sauceda wanted to travel on the truck it would have to be with R.S. Sauceda did not travel with Aaron on the truck with the Defendant after R.S. began to travel on the truck with the Defendant. *Id.* at 5. Sauceda also stated that R.S. liked being on the truck with the Defendant and that the Defendant played a voicemail from R.S. for Sauceda once where R.S. was crying because he could not go on the truck with the Defendant. *Id.* at 5. Finally, Sauceda told the FBI that he did not believe the Defendant's relationship with R.S. was strange and that he never witnessed anything between the Defendant and R.S. that would concern him.

2

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Here, Sauceda's testimony regarding his relationships with the R.S., Aaron, and the Defendant is irrelevant.

First, regarding R.S., R.S. testified that the Defendant sexually abused him when he was alone on the truck with the Defendant, except on one occasion when his mother and sister were also present on the truck. R.S. also testified that he was sexually assaulted when he was alone at the hotel with the Defendant. Therefore, the fact that Sauceda never witnessed anything unusual occur between the Defendant and R.S. does not have any tendency to make the fact that the Defendant sexually abused R.S. outside of Sauceda's presence any more or less probable than without such testimony.

Second, Sauceda's testimony regarding his relationship with Aaron is also irrelevant. Aaron testified that the Defendant sexually assaulted him on one occasion when he was on the truck alone with the Defendant. Nobody besides the Defendant and Aaron were present on that occasion. Moreover, during his interview, Sauceda told the FBI that he did not know whether Aaron's allegation against the Defendant was true but believed that it was not true. Sauceda's opinion regarding whether the Defendant molested Aaron when Sauceda was not present is not relevant. This testimony does not have any tendency to make the fact that the Defendant molested Aaron outside of Sauceda's presence any more or less probable than without such testimony.

Finally, Sauceda's relationship with the Defendant and his anticipated testimony that the Defendant did not ever make him feel uncomfortable when he traveled with the Defendant on the truck, or otherwise, is also irrelevant. The Federal Rules of Evidence specifically provide that previous instances of child molestation can be introduced during a trial where a Defendant is

accused of child molestation. Fed. R. Evid. 414. But the converse is not true. The Federal Rules of Evidence do not provide for testimony of all the instances in which a defendant does not molest another child with whom he has contact. Evidence of other acts is generally prohibited under Fed. R. Evid. 404(b). The fact that the Defendant did nothing to make Sauceda feel uncomfortable when he traveled with the Defendant does not have any tendency to make the fact that the Defendant molested R.S., Aaron, or Nathan any more or less probable than without such testimony.

Consequently, Sauceda's anticipated testimony is irrelevant to the allegation in the Superseding Indictment charging that the Defendant transported R.S. with the intent that R.S. engage in unlawful sexual activity in violation of 18 U.S.C. § 2423 and should be excluded.

                                                Respectfully submitted,

                                                ASHLEY C. HOFF
                                                UNITED STATES ATTORNEY

BY:     /s/
           SARAH VALENZUELA
           Assistant U.S. Attorney
           Texas Bar #24089261
           700 E. San Antonio, Suite 200
           El Paso, Texas  79901
           (915) 534-6884

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2021, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the attorney of record for Defendant.

                                                      _____/s/_____
                                                      SARAH VALENZUELA
                                                      Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. EP-20-CR-00065-DCG |
| § | |
| TRAVIS WAYNE VAVRA, § | |
| § | |
| Defendant. § | |

**ORDER GRANTING THE GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY**

On this date came on to be considered the Government's Motion Exclude Testimony in the above-entitled and numbered cause, and the Court having considered the same, is of the opinion that said Motion should be GRANTED.

IT IS THEREFORE ORDERED that the Government's Motion to Exclude Testimony is HEREBY GRANTED.

IT IS FURTHER ORDERED that the testimony of Nathan Sauceda is excluded.

_____
HONORABLE DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE